UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | | |
|---|---|---|
| RANDY R. BAUER, | ) | CIV. 10-3016 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| NYSTROM ELECTRICAL CONTRACTORS, INC., and JOHN M. NYSTROM. | ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Randy R. Bauer ("Bauer"), for his cause of action against Defendants, alleges as follows:

1. Plaintiff, an employee of Defendants from 1993 to 2010, brings this action to recover unpaid overtime compensation, liquidated damages, attorney fees and costs under the provisions of Section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 216(b)), hereinafter referred to as the Act.

2. Jurisdiction of the action is conferred on this court by Section 16(b) of the Act (29 U.S.C. § 216(b)), 28 U.S.C. § 1331 (which gives the court original jurisdiction over civil actions arising under federal law), and 28 U.S.C. § 1337 (relating to any civil action or proceeding arising under any Act of Congress regulating commerce.)

3. At all times relevant to this complaint, Bauer was a resident of Pierre, Hughes County, South Dakota.

4. Defendant Nystrom Electrical Contractors, Inc. ("Nystrom Electrical") is a corporation organized and existing under the laws of the state of South Dakota, with its principal office and places of business located in Pierre, South Dakota and, at the times mentioned, employed Bauer.

5. At the times mentioned, Nystrom Electrical was the employer of Bauer within the meaning of Section 3(d) of the Act (29 U.S.C. § 203(d)).

6. Defendant John M. Nystrom ("Nystrom") is a resident of Pierre, Hughes County, South Dakota.

7. Nystrom is the president of Nystrom Electrical.

8. Nystrom had operational control of Nystrom Electrical during the times mentioned in this Complaint and was, therefore, the employer of Bauer within the meaning of Section 3(d) of the Act (29 U.S.C. § 203(d)).

9. At all times mention in this Complaint, Defendants were primarily engaged in the business of residential and commercial electrical contracting.

10. During the period from 1993 to May 2010, Defendants employed Bauer as an electrician.

11. During this period of employment by Defendants, Bauer was engaged in performing electrical work and was paid a weekly wage based on a 40-hour work week.

12. The residential and commercial projects that Defendants worked on are part of interstate commerce because they affect business transactions that cross state lines. In addition, the materials and equipment that the parties used in the course of their work frequently came from suppliers in other states. In performing the operations described, Bauer was engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), 3(i), 3(j), and 7(a) of the Act (29 U.S.C. §§ 203 (b),(i),(j), 207(a)).

13. During the period of his employment, Defendants employed Bauer in commerce or in the production of goods for commerce for many workweeks longer than 40 hours. Defendants failed and refused to compensate Bauer for such work in excess of 40 hours at rates not less than one and one-half times the regular rates at which he was employed, contrary to the provisions of Section 7(a) of the Act (29 U.S.C. § 207(a)).

14. Upon information and belief, during the periods of Bauer's employment, Defendant's gross receipts were not less than $500,000 a year.

15. By reason of Defendant's refusal to pay the overtime and wages due Bauer, Bauer was required to employ attorneys to prosecute this cause for him, and he therefore seeks a reasonable charge for attorney's fees.

16. Defendants keep two sets of payroll records to hide their intentional failure to pay overtime under the Fair Labor Standards Act, making their conduct willful.

WHEREFORE, Bauer requests judgment against Defendants as follows:

A. For overtime compensation;

B. For liquidated damages;

C. For costs and disbursements in this action;

D. For punitive damages;

E. For attorney's fees for prosecution of this action; and

F. For such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS FOR A JURY TRIAL UPON ALL ISSUES.**

Dated: July 13, 2010.

GUNDERSON, PALMER, NELSON
& ASHMORE, LLP

By_____
Jason M. Smiley
Attorneys for Plaintiff
P.O. Box 8045
Rapid City, SD 57709
Telephone: (605) 342-1078
Fax: (605) 342-0480
E-mail: jsmiley@gpnalaw.com